S. J. HODGINS, *Appellant*, v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF SHAWNEE, *Appellee*.

No. 16,446.

FEES AND SALARIES—*Register of Deeds of Shawnee County.* The statutes relating to the fees that may be retained by the register of deeds of Shawnee county construed.

Appeal from Shawnee district court. Opinion filed November 5, 1910. Affirmed.

*L. H. Greenwood*, for the appellant.

*J. J. Schenck*, county attorney, *W. E. Atchison*, assistant county attorney, and *Arthur J. Bolinger*, assistant county attorney, for the appellee.

*Per Curiam:* This action was brought by the appellant to recover from Shawnee county $1562.35, which amount the appellant claims the board of county commissioners required him, as register of deeds, to deposit in the county treasury, being a portion of the sum received by him as fees as register of deeds for the year 1907. The board demurred to the petition, and the court sustained the demurrer.

Chapter 131 of the Laws of 1897 (§ 13), relating to the compensation of registers of deeds, entitled "An act fixing the fees and salaries of certain officers and persons therein named," as amended by section 13 of chapter 141 of the Laws of 1899 (Gen. Stat.. 1909, § 3670), provides that registers of deeds in counties having the following population may retain of fees collected the amount specified: "In counties having a population of more than 55,000 [which includes Shawnee county], $3000"; and further provides: "And if in any one year the fees charged shall be more than the sums above specified in their respective counties, the said registers of deeds shall pay to the county treasurer of their respective counties one-half of such excess, when collected," etc.

Chapter 247 of the Laws of 1903 is entitled "An act providing for the application of the excess fees of the registers of deeds in the counties of  .  .  .   Shawnee and Bourbon." Reading the provision as if it applied to Shawnee county only, it reads:

"SECTION 1. The register of deeds of the county of Shawnee is hereby authorized to apply to the payment of salaries and wages of his respective necessary deputies and assistants the excess fees, that is to say, such parts or proportions of the fees of said office of the said register of deeds as may be by law payable into the general fund of the several counties named, to wit, .  .  .   in the county of Shawnee, one thousand dollars per annum;  .  .  .   provided, that one-half of all the balance of such excess fees remaining in the hands of

said officer shall be paid to the county treasurer, as provided by law."

For the year 1907 the appellant, as register of deeds of Shawnee county, collected $7124.70, of which it is admitted he was entitled to take for his compensation $3000, leaving $4124.70, of which, by the provisions of the laws of 1897 and 1899, he was entitled to $2062.35, and was required to deposit an equal amount with the county treasurer for the use of the county. In his petition he claims that he was entitled to take of the amount payable into the general fund of the county the sum of $1000 as salaries and wages to his necessary deputies and assistants, leaving only $1062.35, of which he was required by the act of 1903 to deposit only one-half, namely, $531.18.

The board of county commissioners construed the law to be that he was authorized to pay $1000 for salaries and wages to his deputies and assistants from the excess after retaining his $3000 salary, namely, from the excess of $4124.70; that he should deposit one-half of the remainder, viz., $1562.35, which demand he complied with, and brought this action to recover that sum.

It will be observed that the title of the act of 1903 makes no reference to the compensation of registers of deeds, but relates solely to the application of the excess fees of registers of deeds, while the body of the act provides for the application of only a portion of the excess, viz., "that is to say, such parts or proportions of the fees of said office of the register of deeds as may be by law payable into the general fund of the several counties named." (Laws 1903, ch. 247, § 1.) As construed by the register of deeds, the act of 1903 would increase his salary at least $1000, which, if provided for directly in the body of the act, would necessarily be held not to be within the title of the act. It thus appears that the provisions of the law are ambiguous, at least so far as the provisions comply with the constitutional requirements.

It is plain that the appellant was not entitled to recover the amount claimed, and it seems impossible to reconcile the legal provisions and to say what amount, if any, he is entitled to recover. We are inclined to adopt the construction of the law as made by the board of county commissioners and approved by the court below, and leave it to the legislature to remedy the ambiguity. The judgment is therefore affirmed.